UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALPHONSO CLARK,

        Petitioner,               Case No. 09-cv-13088

v                                    Honorable Thomas L. Ludington

NICK J. LUDWICK,

        Respondent.
_____/

**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT,
DENYING CERTIFICATE OF APPEALABILITY AND DENYING
LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner, Alphonso Clark, is serving a controlling sentence of life imprisonment, as well as lesser terms for his Wayne Circuit Court jury trial convictions of first-degree murder under MCL § 750.316, possession of a firearm by a felon under MCL § 750.224f, and possessing a firearm during the commission of a felony under MCL § 750.227b. Clark's convictions arose out of the shooting death of Gregory Marshall on June 17, 2005, outside of his home in Inkster, Michigan.

**I.**

On August 5, 2009 Clark filed a petition for habeas corpus, raising the following eight claims: (1) insufficient evidence was presented at trial to sustain his convictions; (2) the prosecutor committed misconduct during his questioning of witnesses; (3) the trial court erroneously allowed admission of a 9-1-1 recording at trial; (4) the trial court improperly instructed the jury; (5) the trial court erroneously failed to declare a mistrial after the jury indicated it was deadlocked; (6) Petitioner was denied the effective assistance of counsel at trial; (7) police officers intimidated two defense witnesses prior to trial; and (8) the prosecutor

committed additional acts of misconduct. ECF No. 1. On February 5, 2010 the parties stipulated to a stay to allow Petitioner the opportunity to exhaust his new claims in Michigan state court. ECF No. 6. Consequently, on March 1, 2010 the Court stayed the case pending exhaustion of Petitioner's claims in state court. ECF No. 7.

The stay was lifted on April 15, 2014. The Court then denied Clark's petition on January 4, 2016, finding all of Clark's claims either without merit or barred by his state procedural default ECF No. 23. Because Clark had not made a substantial showing of the denial of a constitutional right, he was denied a certificate of appealability. *Id.* Clark was also denied leave to proceed *in forma pauperis* on appeal, as the Court determined that any any appeal would be frivolous. *See* Fed. R. App. P. 24(a). Judgment was also entered on January 4, 2016. ECF No. 24.

Clark did not attempt to appeal this Court's order or judgment within the 60 days allowed under Federal Rule of Appellate Procedure 4(a)(1)(B). Instead, on March 21, 2016 Clark filed a motion for relief from judgement under Federal Rule of Civil Procedure 60(b). Clark concedes that he has lost the ability file a notice of appeal, and concedes that he cannot move for an extension of time to file an appeal. He therefore claims that he "must pin his request" on Rule 60(b), and argues that he is entitled to relief under Rule 60(b)(1) and 60(b)(6). Clark ultimately seeks a ruling that will permit him an appeal outside of the time constraints of Federal Rule of Civil Procedure 4(a)(5). His motion will be denied.

**II.**

Federal Rule of Appellate Procedure 4(a)(1)(B) provides that "the notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from if one of

the parties . . . the United States." This time limit is mandatory and jurisdictional. *Browder v. Director, Department of Correction of Illinois*, 434 U.S. 257, 264 (1978).

Rule 60(b) allows the Court to relieve a party from a final judgment or order for several reasons, including, among others "(1) mistake, inadvertence, surprise, or excusable neglect" and "(6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) is only applicable if there are "exceptional and extraordinary circumstances." *Fuller v. Quire*, 916 F.2d 358, 360 (6th Cir. 1990). Parties cannot employ Rule 60(b) "as a substitute for an appeal,…or as a technique to avoid the consequences of decisions deliberately made yet later revealed to be unwise." *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir.1989) (internal citations omitted).

**A.**

Clark first argues that Rule 60(b)(1) is applicable. He argues that his previous attorney mistakenly failed to file a notice of appeal on his behalf, since he did not check on the status of the case until March 10, 2016. Clark's attorney have provided an affidavit stating that the failure to appeal was "entirely my fault" and that he was "negligent in not keeping abreast of the case".

Rule 60(b)(1) is designed to provide relief only where "the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or ... when the judge has made a substantive mistake of law or fact in the final judgment or order." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir.2000). Under Rule 60(b)(1), a party must first demonstrate excusable neglect before other factors such as whether a defendant has a meritorious defense and prejudice to the plaintiff will be considered. *See United States v. Reyes*, 307 F.3d 451, 456 (6th Cir. 2002). The Sixth Circuit has held that a determination of excusable neglect "does not turn solely on whether the client has done all that he reasonably could do to ensure

compliance with a deadline; the performance of the client's attorney must also be taken into account." *Id*. (internal quotation and citation omitted). The Supreme Court has expressly rejected the suggestion that it is inappropriate to penalize clients for the omissions of their attorneys. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396–97, (1993). Instead, the Supreme Court has held that clients must "be held accountable for the acts and omissions of their chosen counsel." *Id*.

The Sixth Circuit has specifically held that neither a strategic miscalculation by counsel, nor misinterpretation of the law constitute a mistake under Rule 60(b)(1). *See McCurry v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 592–94 (6th Cir.2002). Neither is an attorney's mistake of law a proper basis for Rule 60(b)(1) relief. *See FHC Equities, L.L.C. v. MBL Life Assur. Corp.*, 188 F.3d 678, 685 (6th Cir.1999). Clark's attorney's failure to remain informed of the proceedings in this matter is not excusable neglect. Under Supreme Court precedent, Clark must be held accountable for this inexcusable neglect of his former attorney. Accordingly, Clark may not obtain relief under Rule 60(b)(1).

**B.**

Clark next argues that he is entitled to relief under Rule 60(b)(6). "Rule 60(b)(6) should apply only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule"" *Olle v. The Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir.1990), and "where principles of equity mandate relief." *Blue Diamond Coal Co. v. Tr. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir.2001) (emphasis added). Here, Clark cannot show any exceptional or extraordinary circumstances that warrant relief. *See McCurry ex rel. Turner v. Advesntist Health System/Sunbelt Inc.*, 298 F.3d 586, 596 (6th Cir.

2002) (finding "straightforward claims of attorney error and strategic miscalculation[ ] do not satisfy this rigorous standard").

*Tanner v. Yukins*, 776 F.3d 434 (6th Cir. 2015), cited by Clark, does not require a different outcome. In *Tanner,* the *pro se* petitioner was unable to timely file a notice of appeal because her prison unit was on lockdown and the prison guards wrongfully prevented her from filing her notice of appeal. *Id*. at 437. The petitioner then instituted an action against the guards who had prevented her from timely filing her appeal under 42 U.S.C. § 1983. A jury found in favor of the petitioner, and awarded her $20,000 in compensatory damages and $7,000 in punitive damages. *Id*.

After obtaining judgment in her § 1983 action, the petitioner filed a motion for relief from judgment in her habeas action under 60(b)(6). The district court denied the action for lack of jurisdiction, noting that the time limit in Rule 4(a)(1) was mandatory and jurisdictional, and finding that Rule 60(b) could not be used to circumvent Rule 4's time requirements. *Id*. The Sixth Circuit overturned this decision, finding that the district court had authority to vacate and reinstate its denial of the petitioner's habeas petition under Rule 60(b). *Tanner*, 776 F.3d at 438. The Sixth Circuit found that the Court has inherent and discretionary power "to set aside a judgment whose enforcement would work inequity." *Id*. The Court based its decision on the fact that the petitioner had been denied her "fundamental constitutional right of access to the courts." *Id*. at 438-39. To hold otherwise, the Court found, would require federal courts "to acquiesce in the unconstitutional conduct of prison guards who delay an inmate's ability to file an appeal until it is too late to meet the Rule 4 deadlines." *Id*.

No such concerns are at issue in the present case. Here, Petitioner's attorney voluntarily agreed to act as counsel for Clark, and Clark accepted that representation. ECF No. 10.

Petitioner's attorney's failure to timely appeal is not an excusable mistake, and Clark's 60(b) motion is simply an impermissible attempt to circumvent the Rule(4)(a) time requirements. Furthermore, there is no reason for equity in granting Clark 60(b)(6) relief because Clark was denied a certificate of appealability in this Court's previous order. ECF No. 23.

### III.

Accordingly, it is **ORDERED**, that Petitioner Clark's motion for relief from judgment, ECF No. 26, is **DENIED**.

It is further **ORDERED**, that a certificate of appealability is **DENIED**.

It is further **ORDERED**, that permission to proceed on appeal in forma pauperis is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: April 5, 2016

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 5, 2016.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager